IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brenda L. Robinette,                            :

        Plaintiff                    :      Civil Action 2:12-cv-00334

v.                                              :      Judge Watson

Med Lab Columbus,                               :      Magistrate Judge Abel

        Defendant                    :

**ORDER**

Plaintiff Brenda Robinette brings this action alleging that she was retaliated against for filing an employment discrimination lawsuit. This matter is before the Magistrate Judge on plaintiff's October 22, 2012 motions for the appointment of counsel and to reschedule her deposition, and her October 25, 2012 motion requesting that the mediation and deposition be conducted by telephone. (Docs. 17, 18, & 21.)

A litigant has no constitutional right to be represented by counsel when her personal freedom is not at issue as in this case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 26-27 (1981). The appointment of counsel in a civil case under 28 U.S.C. §1915(d) is within the sound discretion of the district court. *Kennedy v. Meachum*, 540 F.2d 1057, 1062 (10th Cir. 1976); *Alexander v. Ramsey*, 539 F.2d 25, 26 (9th Cir. 1976); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). It is a privilege, not a right. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). Factors to consider are (1) whether the litigant has a colorable

1

claim, *Hyman v. Rickman*, 446 U.S. 989, 992 (1980)(Blackmun, J., dissenting from a denial of a writ of *certiorari*); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985); (2) whether she is able to adequately investigate the facts, *Merritt v. Faulkner*, 697 F.2d 761, 765 (7th Cir.), *cert. denied*, 464 U.S. 986 (1983); *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981); (3) whether she lacks the capacity to represent herself, *Merritt v. Faulkner,* 697 F.2d at 765; *Gordon v. Leake*, 574 F.2d 1147, 1153 (4th Cir. 1978); (4) whether there is conflicting testimony which could best be tested by counsel, *Maclin v. Freake*, 650 F.2d at 888; and (5) the complexity of the legal issues raised. *Merritt v. Faulkner*, 697 F.2d at 765; *Maclin v. Freake*, 650 F.2d at 888-89.

An important factor in determining whether to appoint counsel is the plaintiff's chance of success on the merits. *Lavado v. Keohane*, 922 F.2d 601, 605 (6th Cir. 1993); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).

Here, plaintiff Robinette has failed to demonstrate a substantial likelihood that her claims have merit. Further, the pleadings she has filed demonstrate that she has the ability to represent herself. Accordingly, plaintiff October 22, 2012 motion for appointment of counsel (doc. 17) is DENIED.

Plaintiff's October 22, 2012 motion to reschedule her deposition (doc. 18) is GRANTED, but her motion to conduct the deposition and mediation by telephone (doc. 21) is DENIED. If plaintiff and counsel for defendant cannot find a mutually agreeable time conduct the deposition and mediation conference, plaintiff and counsel for

defendant are DIRECTED to call my office (614-719-3370) on November 26, 2012 at 2:00 p.m.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge